FILED
March 18, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002496723

Alan S. Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
Tel: (949) 720-9200
Fax: (949) 608-0128

Attorneys for Movant
Deutsche Bank National Trust Company, as Indenture Trustee,
on behalf of the holders of the Aames Mortgage Investment
Trust 2006-1, Mortgage Backed Notes

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: <br><br> BRYAN MORTON MCCAA and SUSAN ILENE MCCAA <br><br> Debtors. | CASE: 10-10777-A-7 <br><br> CHAPTER 7 <br><br> REF.: ASW-1 <br><br> MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON <br><br> DATE: 04/28/10 <br> TIME: 1:00pm <br> CTRM: 1st FL <br> U.S. Bankruptcy Court <br> 1300 18th Street <br> Bakersfield, CA 93301 |

  The Motion of Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Aames Mortgage Investment Trust 2006-1, Mortgage Backed Notes respectfully shows as follows:

  1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

  2. This Motion is brought pursuant to Local Rule 9014-1 (f)(1)(ii) written opposition, if any, to the granting of

Matter I.D. 6401-5850

1    the Motion shall be in writing and shall be served on the
2    moving party and filed with the Clerk by the responding
3    party at least fourteen (14) days preceding the noticed date
4    of the hearing.  Unless written opposition and supporting
5    evidence are timely filed with the Court, without good
6    cause, no party will be heard in opposition to the Motion at
7    oral argument. Failure of the responding party to timely
8    file written opposition may be deemed a waiver of any
9    opposition to the granting of the Motion.
10        Opposition to the Motion shall be served on counsel for
11   Movant as follows:
12   THE WOLF FIRM, A Law Corporation
     2955 Main Street, Second Floor
13   Irvine, CA 92614
14        3.   On January 27, 2010, a petition under Chapter 7 of
15   the Bankruptcy Code was filed by the Debtors.
16        4.   RANDELL PARKER is the Chapter 7 Trustee for this
17   case.
18        5.   Movant is, and at all times herein mentioned was a
19   corporation organized and existing under the laws of the
20   United States.
21        6.   Movant is the beneficiary under a Deed of Trust by
22   way of assignment which secures a Promissory Note ("Note")
23   in the principal sum of $122,500, with the Note all due and
24   payable on October 1, 2035.  The Note and Deed encumber real
25   property commonly known as:
26        6 Penrose Drive, Yerington, NV 89447 ("Property")
27

Matter I.D. 6401-5850

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

7. The beneficial interest under the Deed of Trust is currently held by Movant by way of assignment. See Declaration of JO-ANN GOLDMAN.

8. There was a default under the terms of the Note and Deed of Trust and on November 12, 2009, Movant caused to be recorded a Notice of Default and Election to Sell.

9. The Property is not Debtors' principal residence.

10. As of March 11, 2010, the Debtors have failed to tender 10 of the contractual payments which have fallen due under the Note and Deed of Trust.

11. The total amount due under Note and Deed of Trust as of March 11, 2010, exclusive of attorneys fees and costs, was approximately $132,504.34. See Statement of Indebtedness attached hereto as Exhibit "1".

12. Movant requests the Court take Judicial Notice that the Debtors' Schedule "A" provides the fair market value of the Property to be approximately $95,000.00. A true and correct copy of Schedule "A" is attached hereto as Exhibit "2" and incorporated by reference.

13. Movant requests the Court take Judicial Notice that the Debtors' Statement of Intentions provides the Property is to be surrendered. A true and correct copy of the Statement of Intentions is attached hereto as Exhibit "3" and incorporated by reference.

Matter I.D. 6401-5850

14.     Due to the liens, encumbrances and arrearages existing against the Property, and due to current market trends and costs of sale, the Debtors do not have any equity in the Property.

15.     The Debtors have no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

16.     Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

17.     For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtors' failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1)     That the automatic stay be terminated or annulled so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

(2)     For reasonable attorneys' fees;

Matter I.D. 6401-5850

1   (3)  For the waiver of the 14 day stay pursuant to
2  Bankruptcy Rule 4001(a)(3).
3   (4)  For such other and further relief as the Court
4  deems just and proper.
5  Dated:  March 17, 2010

                                /s/ Alan Steven Wolf
                                ALAN STEVEN WOLF
                                Attorneys for Movant
                                Deutsche Bank National Trust
                                Company, as Indenture Trustee, on
                                behalf of the holders of the Aames
                                Mortgage Investment Trust 2006-1,
                                Mortgage Backed Notes

Matter I.D. 6401-5850

# EXHIBIT 1

MOVANT'S STATEMENT OF INDEBTEDNESS

Debtors:            MCCAA
CASE NO.:           10-10777-A-7
PROPERTY ADDRESS:   6 Penrose Drive
                    Yerington, NV 89447

A.  APPROX. PRINCIPAL DUE AS OF March 11, 2010:
1st trust deed SELECT PORTFOLIO              = $      118,552.97

                                       TOTAL = $      118,552.97

B.  APPROX. DELINQUENCY ON ABOVE INDEBTEDNESS AS OF 03/11/10:
Movant's first trust deed payments and late charges:

1   payment(s) at   $    1,111.66    = $        1,111.66

9   payment(s) at   $    1,098.79    = $        9,889.11

                    Accrued Late Charges $       139.08
                          Escrow Advance $     1,371.34
                           Miscellaneous $     1,440.18

                                    TOTAL $    13,951.37

C.  VALUE OF PROPERTY:                       $       95,000.00
D.  LESS TOTAL OF PRINCIPAL AND DELINQUENCY: $      132,504.34

E.  GROSS EQUITY (D-C)*:                     $      -37,504.34

Matter I.D. 6401-5850

# EXHIBIT 2

In re   Bryan Morton McCaa,  
       Susan Ilene McCaa

Case No. _____

Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| Residence:<br>5500 Sicily Court<br>Bakersfield, California 93308<br><br>To be Surrendered. Fair market value is based on comparables in the area.<br>Payment Due:  1st<br>Payment Late:  16th | Fee Simple | C | 190,000.00 | 342,072.00 |
| Rental Property:<br>6 Penrose Drive<br>Yerington, Nevada 89447<br><br>To be Surrendered. Fair market value is based on comparables in the area<br>Payment Due: 1st<br>Payment Late: 16th | Fee Simple | C | 95,000.00 | 118,552.00 |

                                                                    Sub-Total >    285,000.00    (Total of this page)

                                                                      Total >       285,000.00

__0__  continuation sheets attached to the Schedule of Real Property

                                                               (Report also on Summary of Schedules)

# EXHIBIT 3

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Eastern District of California

In re  **Bryan Morton McCaa**
**Susan Ilene McCaa**
_____ Case No. _____
Debtor(s)                                   Chapter    **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>Citi Financial Retail Service | **Describe Property Securing Debt:**<br>2005 Dodge Ram 1500<br>To be Surrendered<br>Mileage: 48,000 |

Property will be (check one):
   ■ Surrendered                          ☐ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>Homeq | **Describe Property Securing Debt:**<br>Residence:<br>5500 Sicily Court<br>Bakersfield, California 93308<br><br>To be Surrendered. Fair market value is based on comparables in the area.<br>Payment Due:  1st<br>Payment Late:  16th |

Property will be (check one):
   ■ Surrendered                          ☐ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br>Select Portfolio Svcin | **Describe Property Securing Debt:**<br>Rental Property:<br>6 Penrose Drive<br>Yerington, Nevada 89447<br><br>To be Surrendered. Fair market value is based on comparables in the area<br>Payment Due: 1st<br>Payment Late: 16th |

Property will be (check one):
　■ Surrendered　　　　　　　　　　　□ Retained

If retaining the property, I intend to (check at least one):
　□ Redeem the property
　□ Reaffirm the debt
　□ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
　□ Claimed as Exempt　　　　　　　　■ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:**<br>Wells Fargo Bank N A | **Describe Property Securing Debt:**<br>Residence:<br>5500 Sicily Court<br>Bakersfield, California 93308<br><br>To be Surrendered. Fair market value is based on comparables in the area.<br>Payment Due:　1st<br>Payment Late:　16th |

Property will be (check one):
　■ Surrendered　　　　　　　　　　　□ Retained

If retaining the property, I intend to (check at least one):
　□ Redeem the property
　□ Reaffirm the debt
　□ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
　□ Claimed as Exempt　　　　　　　　■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>-NONE- | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>□ YES　　　　□ NO |

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date  1-12-2010            Signature  _____
                                       Bryan Morton McCaa
                                       Debtor

Date  1-12-2010            Signature  _____
                                       Susan Ilene McCaa
                                       Joint Debtor